UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/2016
```

RONNIE COVINGTON,

                    Petitioner,

-against-

WARDEN, FIVE POINTS CORRECTIONAL FACILITY,

                    Respondent.

11 Civ. 8761 (AT)(FM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

      On December 1, 2011, Petitioner *pro se*, Ronnie Covington, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 10, 2012, the matter was referred to the Honorable Frank Maas. ECF No. 7.

      After careful consideration, Magistrate Judge Maas issued a Report and Recommendation (the "R & R"), recommending that the petition be denied. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a "party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Rivera v. Colvin*, No. 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014); *see also Olorode v. Streamingedge, Inc.*, No. 11 Civ. 6934, 2014 WL 3974581, at *1 (S.D.N.Y. Aug. 13, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks omitted).

      Petitioner objects to "each and every part" of the R & R, Pet. Obj. 1, but fails to make any specific objections that do not "simply reiterate[] [his] original arguments." Indeed, Petitioner's objections to the R & R are, except for the introductory first page, an identical copy of his petition.[1] Therefore, the Court reviews the R & R for clear error. Having carefully

---

[1] Petitioner's objections to the R & R are dated April 1, 2015, though the Court did not receive them until at least two months later due to possible delay on the part of his prison in authorizing their mailing. *See* ECF No. 36. Although he apparently completed his objections on April 1, 2015, by letters dated April 6, 2015 and June 4, 2015, Petitioner requested assistance from the Court in gaining access to his "State Court Record on Appeal for [his] underlying criminal conviction," his "appellate casefile for that case," and his "entire pretrial, trial, postconviction and sentence casefile so as to enable Petitioner to use them as further factual support for his habeas claims and to further object to the surmised inferences relating to trial tactics and strategies of former trial counsel" in the R & R. The Court did not entertain Petitioner's request because it had already given him instructions on how he could obtain those documents, by order dated February 18, 2015. *See* ECF No. 28. Further, pursuant to the Court's order dated March 30, 2015, the Clerk of Court mailed Petitioner copies of specific documents he requested by letter dated February 23, 2015. *See* ECF No. 31. Although Petitioner indicated that he would make "further object[ions]" to the R & R, the Court has not received any, and in any event, would not accept them, because Petitioner has already been granted multiple extensions of the deadline for filing his objections. *See* ECF No. 26 (granting 45-day extension to

reviewed the R & R, as well as the parties' submissions and the record evidence,[2] the Court finds no clear error and ADOPTS the R & R in its entirety. Accordingly, the petition is DENIED.

In addition, no certificate of appealability shall issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. The Clerk of Court is directed to close the case and to mail a copy of this order and all unpublished decisions cited therein to Petitioner *pro se*.

SO ORDERED.

Dated: June 16, 2016
       New York, New York

                                              ANALISA TORRES
                                              United States District Judge

---

February 12, 2015); ECF No. 28 (granting 60-day extension to April 13, 2015, and noting that "there will be no further extensions"); ECF No. 36 (granting last extension to June 5, 2015, to account for Petitioner's difficulty mailing his objections from prison).

[2] By letter dated February 5, 2015, Petitioner points out that the papers relating to his New York Criminal Procedure Law § 330.30 motion to set aside the verdict were not in the record before Judge Maas. *See* R & R at 12 n.4. Instead, in rendering the R & R, Judge Maas relied on the People of the State of New York's (the "People") brief in opposition to Petitioner's direct appeal, *see* R & R at 12, Rodriguez Decl. Ex. I, ECF Nos. 17-9, 17-10, and the New York Supreme Court's decision on his motion to vacate his judgment of conviction and set aside his sentence, *see* R & R at 12, Rodriguez Decl. Ex. D, ECF No. 17-1. Petitioner also notes that the record before Judge Maas did not include a transcript of his grand jury testimony that was read to the trial jury. *See* R & R at 5 n.2. Judge Maas instead relied on the People's summary of Petitioner's grand jury testimony in its opposition brief. *Id.* Having reviewed Petitioner's § 330.30 papers and grand jury testimony, which are now before the Court, the Court sees no reason to disturb its finding of no clear error in the R & R.

2